## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

THOMAS BINGHAM,

    Petitioner,

-vs-                                            Case No.  8:04-cv-2624-T-30TBM

JAMES V. CROSBY, JR.,

    Respondent.
_____/

## ORDER

Thomas Bingham ("Bingham") petitions for the writ of habeas corpus pursuant to Title 28 U.S.C. § 2254 (Dkt. 1). Bingham challenges his convictions and sentences for burglary and grand theft entered by the Sixth Judicial Circuit, Pinellas County, Florida. Respondent filed a response incorporating a motion to dismiss (Dkt. 10). Petitioner did not file a reply to the response.

**Petition Is Time-Barred**

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of … the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review…." 28 U.S.C. § 2244(d)(1)(A).

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Bingham signed his original federal petition on November 20, 2004 (Dkt. 1 at 20). The petition raises two grounds for relief: 1) whether the state post-conviction court erred when it dismissed, as untimely, his May 21, 2003 Rule 3.850 post-conviction motion; and 2) ineffective assistance of counsel with seven sub-claims.

**Timeliness Analysis**

Bingham's original convictions became final in 2001.[1] The limitation period would have expired one year later except that Bingham's sentence was amended on January 14, 2002 (Dkt. 11, Ex. 18, Vol. I at 66).[2] Therefore, it appears Bingham receives a new limitation period because of the amended sentence. *Ferreira v. Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007) ("We now hold that AEDPA's statute of limitations begins to run when the judgment pursuant to which the petitioner is in custody, which is based on both the

---

[1] Bingham's October 20, 2000 plea based judgment on counts 2 and 4 (Dkt. 11, Ex. 18, Vol. I at 30-31) became final thirty days later on November 19, 2000, as he did not appeal the judgment. *See McGee v. State*, 684 So. 2d 241 (Fla. 2nd DCA 1996)(treating judgment and sentence upon entry of plea as final when time for appeal expired). His February 22, 2000 trial-based judgment on counts 1 and 3 (Dkt. 11, Ex. 1, Vol. I at 133-139) became final on June 15, 2001, upon expiration of the ninety day period for seeking certiorari review of the appellate court's opinion denying his direct appeal (Dkt. 11, Ex. 4). *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002)(one-year limitations period for Florida prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review). *See also Clay v. United States*, 537 U.S. 522, 527 (2003)(The 90 days allowed for filing a petition for writ of certiorari begins on the date the appellate court issues its opinion on direct appeal, not from the date the appellate court issues its mandate).

[2] The January 14, 2002 order solely amended his sentences to reflect habitual felony offender sentences and struck his designation as a prison releasee reoffender (Dkt. 11, Ex. 18, Vol. I at 66).

conviction and the sentence the petitioner is serving, is final."). The direct appeal of the new sentence concluded on April 21, 2003, when the appellate court denied Bingham's motion for rehearing of its opinion affirming the new sentence.[3] (Dkt. 11, Ex. 15); *see Bingham v. State*, 847 So.2d 464 (Fla. 2nd DCA 2003)[table]. Affording Bingham ninety days to file a petition for the writ of certiorari as required by *Bond* and *Jackson v. Sec. Dept. Corr.*, 292 F.3d 1347 (11th Cir. 2002), the judgment that confines Bingham was final on July 20, 2003.

Bingham's one-year statute of limitation expired on July 20, 2004, absent tolling pursuant to 28 U.S.C. § 2244(d)(2). Bingham filed a state Rule 3.850 motion for post-conviction relief on May 21, 2003 (Dkt. 11, Ex. 23). § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The one-year time clock did not stop running when Bingham sought post-conviction relief pursuant to Rule 3.850 because the motion was dismissed as untimely and was therefore not "properly filed" so as to toll the federal statutory period (Dkt. 11, Ex. 24). The state appellate court affirmed the dismissal of Bingham's untimely Rule 3.850 motion (Dkt. 11, Ex. 29); *see Bingham v. State*, 871 So.2d 219 (Fla. 2nd DCA 2003), and the Florida Supreme Court dismissed Bingham's petition for review for want of jurisdiction (Dkt. 11, Ex. 36). The Rule 3.850 motion does not qualify as a tolling motion under *Artuz v. Bennett*, 531 U.S. 4 (2000), because Bingham's collateral application

---

[3]The mandate issued on April 8, 2003 (Dkt. 11, Ex. 16).

did not meet Florida's time requirements for bringing a post-conviction attack.[4]

Even prior to *Artuz,* the Eleventh Circuit held that a petitioner's state post-conviction application must meet state filing deadlines in order to toll AEDPA's one-year limitation period. *See Webster v. Moore,* 199 F.3d 1256, 1258 (11th Cir. 2000)(involving Florida's two-year limitations period for rule 3.850 petitions), *cert. denied,* 531 U.S. 991 (2000); *see also, Wade v. Battle*, 379 F.3d 1254, 1260 (11th Cir. 2004)(Georgia prisoner's certificate for probable cause, dismissed by the state court as untimely under Georgia's procedural rules, was not properly filed and did not toll the federal time period); *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318 (11th Cir. 2006)("when a state court unambiguously rules that a post-conviction petition is untimely under state law, we must respect that ruling and conclude that the petition was not 'properly filed' for the purposes of § 2244(d)(2)").

The United States Supreme Court in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), released its opinion on April 27, 2005, holding that an untimely Pennsylvania post-conviction relief act petition does not toll the AEDPA statute of limitations. The *Pace* Court concluded that state time limits, "no matter their form, are 'filing' conditions." Because the Pennsylvania court, like the court in the instant case, rejected the application for collateral review as untimely, it was not "properly filed," and the petitioner was not entitled to statutory tolling under § 2244(d)(2).

---

[4]The state courts' holding that Bingham's Rule 3.850 motion for post-conviction relief was time-barred is "due deference." *See Webster*, 199 F.3d at 1259.

Because the untimely Rule 3.850 post-conviction motion did not toll the federal limitation period, there were 487 days during which no properly filed collateral application was pending between July 20, 2003, the date the judgment that confines Bingham was final, and Bingham's filing of the original federal petition on November 20, 2004. Thus, the petition was filed after expiration of the federal one-year period.

Bingham has not alleged any exceptional circumstances that would entitle him to equitable tolling.

ACCORDINGLY, the Court **ORDERS** that:

1. Bingham's petition for writ of habeas corpus (Dkt. 1) is **DENIED**.

2. The **Clerk** is directed to enter judgment against Bingham, terminate all pending motions, and close this case.

# CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Bingham is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue -- only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Bingham "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484

5

(2000),) or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Bingham has not made the requisite showing in these circumstances.

Finally, because Bingham is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on February 14, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copies to: Petitioner *pro se*
            Counsel of Record